IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TODD | ) |
| Plaintiff | ) |
| v. | ) 12CV4984 |
| | ) Judge Ronald A. Guzman |
| COLLECTO, INC. d/b/a EOS CCA | ) Magistrate Judge Arlander Keys |
| Defendant | ) |

## COMPLAINT

NOW COMES Plaintiff, Michael Todd, *pro se*, who brings this Complaint and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff, Michael Todd (herein "Plaintiff" or "Todd") is an individual person who at all relevant times herein resided at 9134 Del Prado Dr., 2N, Palos Hills, IL 60465.

2. Defendant, COLLECTO, INC. d/b/a EOS CCA (herein "Defendant" or "EOS CCA") is a Massachusetts corporation that routinely conducts business in this district and has a registered agent in this district.

3. 47 U.S.C. § 227 *et seq.* and 15 U.S.C. § 227 each present a federal question and as such jurisdiction arises under 28 U.S.C. § 1331. Venue is proper as LIBERTY conducts business in this district and Todd was damaged in this district.

### Factual Allegations

4. On information and belief, Todd's mother, Terry Todd, allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5. On information and belief, EOS CCA purchased or was assigned or otherwise was collecting or attempting to collect on the alleged debt of Terry Todd in May 2012 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it is a person who uses any instrumentality of interstate commerce or the mails in a business with the principal purpose of which is the collection of debts or EOS CCA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Prior to May 17, 2012, EOS CCA began using hardware, software, or other technology to implement a scheme to deliver automated messages to persons during its attempt to acquire location information of alleged debtors.

7. On May 17, 2012, EOS CCA placed a telephone call to Todd on his residential telephone line of 708-576-8156. The call included an automated message stating in pertinent part: "I am attempting to locate Terry Todd. If you can assist me in provide location information for Terry Todd, please call us at 877-244-9403."

8. The purpose of the May 17, 2012 call from EOS CCA to Todd and request for Todd to call EOS CCA was an attempt to acquire location information for Terry Todd while attempting to collect on an alleged debt.

9. Todd has never given EOS CCA permission or authorization to contact him with a prerecorded or automated message.

10. Todd has no prior business relationship with EOS CCA.

11. Pursuant to the message, Todd called EOS CCA and spoke with a collector. Todd stated that he was not Terry Todd. The EOS CCA collector disclosed that the alleged debt was from a cell phone bill through AT&T and continued to discuss the alleged debt for approximately 5 minutes.

12. EOS CCA knows that the FDCPA prohibits a debt collector from stating that a consumer owes any debt when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

13. Todd has been damaged as a result of the actions or inactions of EOS CCA.

## RESPONDEAT SUPERIOR LIABILITY

14. The acts of Defendants' agents who communicated with Todd were committed within the line and scope of their agency relationship with their principal, EOS CCA.

15. The acts and omissions by Defendants' agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by EOS CCA.

16. EOS CCA is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including by not limited to violations of the FDCPA.

## COUNT ONE: VIOLATION OF 15 U.S.C. § 1692b(2)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. EOS CCA is a debt collector under FDCPA.

19. EOS CCA stated to Todd that Terry Todd owes a debt during the May 17, 2012 telephone call.

20. The act constitutes violations of 15 U.S.C. § 1692b(2).

21. As a result, Todd was damaged and EOS CCA is liable to Todd for his damages pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Todd demands judgment against EOS CCA for actual and compensatory damages, statutory damages, in excess of $1,000, costs, and any other relief deemed just and appropriate.

## COUNT TWO: VIOLATION OF 47 U.S.C. § 227b(1)(B)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. In the entire course of action, the May 17, 2012 call placed to Todd that included an automated message constitutes a violation of 47 U.S.C. § 227b(1)(B).

24. Todd was damaged as a result.

25. EOS CCA knew that it was using the automated message.

26. The May 17, 2012 call from EOS CCA violated 47 U.S.C. § 227b(1)(B) through the use of the automated message. As a result, Todd is entitled to an award of statutory damages pursuant to 47 U.S.C. § 227(c)(5).

27. The May 17, 2012 call from EOS CCA violated 47 U.S.C. § 227b(1)(B) through the use of the automated message and the use of the automated message was done willfully and/or knowingly by EOS CCA. As a result, Todd is entitled to an award of statutory treble damages pursuant to 47 U.S.C. § 227(c)(5).

WHEREFORE, Todd demands judgment against EOS CCA for statutory damages in the amount of $500, treble damages, costs, and any other relief deemed just and appropriate.

28. Plaintiff demands trial by jury.

Respectfully submitted: _____
Michael Todd, Plaintiff, pro se
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
Email. mtodd75682@aol.com