# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4984 | **DATE** | 11/13/2012 |
| **CASE TITLE** | Michael Todd vs. Collecto, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants without prejudice defendant's motion to dismiss the second amended complaint [18]. Plaintiff has fourteen days from the date of this order to file an amended complaint that cures the defects noted herein. If he fails to do so in that time, the Court will dismiss this suit with prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On May 17, 2012, defendant called plaintiff on his residential telephone line and left an automated message that said: "I am attempting to locate Terry Todd. If you can assist me in providing location information for Terry Todd, please call us at 877-244-9403." (2d Am. Compl. ¶ 6.) Terry Todd is plaintiff's mother. (*Id.* ¶ 4.)

Plaintiff called the phone number, and told defendant that he was not Terry Todd. (*Id.* ¶ 8.) Nonetheless, defendant discussed Terry Todd's debt with plaintiff and identified the creditor as AT&T. (*Id.*) At no point during the conversation did defendant ask for location information about Terry Todd. (*Id.* ¶ 9.)

In Count I, plaintiff alleges that defendant violated § 1692b of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits a debt collector who "communicat[es] with any person other than the consumer (*i.e*, "person . . . allegedly obligated to pay any debt"), for the purpose of acquiring location information about the consumer" from "stat[ing] that such consumer owes any debt." 15 U.S.C. §§ 1692(a)(3), (b)(2). In Count II, plaintiff alleges that defendant violated § 1692f, which prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692k, which provides the authority to sue for violations of these provisions, states that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for actual damages and up to $1,000.00 in statutory damages. 15 U.S.C. § 1692k(1), (2)(A). Though § 1692k does not say so explicitly, defendant contends that only "consumers" have standing to sue for violations of § 1692b and § 1692f.

Plaintiff has constitutional standing to sue if defendant's alleged statutory violations injured him in "a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 & n.1 (1992). Plaintiff alleges that defendant's conduct caused him to suffer emotional distress, a sufficient injury to give him constitutional standing. (*See* 2d Am. Compl. ¶ 13.) However, there are also prudential limits on standing, one of which is that

"the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In other words, plaintiff has prudential standing to assert these claims only if the FDCPA "provision[s] on which [his] claim[s] rest[] properly can be understood as granting persons in [his] position a right to judicial relief." *Id.* at 500.

The Seventh Circuit has not decided whether people other than the consumer-debtor can assert claims under § 1692b and § 1692f. However, its decision in *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011) suggests that the answer is "no." In that case, the defendant debt collector, which was the assignee of plaintiff's credit card debt, filed a collection action against plaintiff in state court. *Id.* at 939. Defendant attached to the collection complaint a document that falsely appeared to be a credit card statement it had issued to plaintiff months earlier. *Id.* Plaintiff then sued defendant in federal court, alleging that the attachment to the collection complaint violated FDCPA § 1692e because it was intended to mislead the state court judge. *Id.* at 939-40. The district court granted defendant's motion for summary judgment on the grounds that the FDCPA "does not extend to communications . . . meant to mislead [a] judge." *Id.* at 939.

On appeal, the Seventh Circuit noted that § 1692e is not "limited to statements directed at consumers," but nonetheless affirmed the lower court's decision:

> As a general matter, the Act and its protections do not extend to third parties. Although courts have extended the Act's prohibitions to some statements made to a consumer's attorney, *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773-75 (7th Cir. 2007), and to others who can be said to stand in the consumer's shoes, *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994) (en banc) (holding that executrix could sue because the Act applies to anyone who "stand[s] in the shoes of the debtor [with] the same authority as the debtor to open and read the letters of the debtor"), none has extended the Act to persons who do not have a special relationship with the consumer. In fact, the Eighth Circuit rejected an argument that the Act applied to representations that were not directed to the consumer: "The weight of authority applying section 1692e does so in the context of a debt collector making a false, deceptive, or misleading representation *to the plaintiff*." *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 954 (8th Cir. 2006) (emphasis in the original) (the false statements at issue were not made to the consumer but between a check guarantee company and a returned-check processor). Thus, the Act is limited to protecting consumers and those who have a special relationship with the consumer – such that the Act is still protecting the consumer – from statements that would mislead these consumers. The Act is not similarly interested in protecting third parties. *Id.*; *see also Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (noting "Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation").

> By drawing the line at communications directed at consumers – "any natural person obligated or allegedly obligated to pay any debt" – and those who stand in their shoes, the Act fits its purpose: protecting consumers. . . . And it keeps us safe from the practical difficulty of parsing claims about whether a communication directed at a third party is actionable. Thus, we read the Act's protections as extending to consumers and those who stand in the consumer's shoes and no others.

*Id.* at 943-44 (footnote omitted); *see Wright v. Fin. Servs. of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994) (en banc).

Though *O'Rourke* involved claims under § 1692e, its reasoning applies equally to plaintiff's § 1692b and § 1692f claims. Thus, the Court holds that plaintiff can pursue these claims only if he legally "stands in the

| **STATEMENT** |
|---|
| shoes" of his consumer-mother. Because plaintiff has not alleged that he does, the Court grants defendant's motion to dismiss. |